UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASHLEY KNUDSVIG and ALEXIS LONG, individuals, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ESPRESSO STOP, INC., a corporation doing business in the state of Washington, and JOHN W. GRIEG, an individual,<br><br>Defendants. | CASE NO. C06-1559RSM<br><br>ORDER ON MOTION FOR CLASS CERTIFICATION |

This matter is before the Court for consideration of plaintiffs' motion for class certification. Dkt. # 16. Defendants have opposed the motion. The Court has fully considered the motion and the supporting and opposing memoranda, together with the attached declarations. The Court finds that the circumstances here do not meet the requirements for class certification, and, for the reasons set forth below, shall deny the motion.

## DISCUSSION

This action has already been conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b). Dkt. # 15. Plaintiffs now move for class certification of the state law claims under the state minimum wage act, pursuant to Fed.R.Civ.P. 23. They seek certification of a proposed class defined as

ORDER ON MOTION FOR CLASS
CERTIFICATION - 1

"current and former employees of the defendants who worked for the defendants during the applicable limitations period." Dkt. # 16, p. 2.

The requirements for certification of a class action are found in Rule 23(a), which states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

F.R.Civ.P. 23(a). These are commonly termed the numerosity, commonality, typicality, and adequacy requirements.

Before certifying the class, the Court must conduct a "rigorous analysis" into whether all prerequisites of Rule 23 have been met. *O'Connor v. Boeing North American, Inc.,* 180 F.R.D. 359, 366 (C.D. Cal. 1997). The party seeking certification bears the burden of demonstrating that all four prerequisites of Rule 23(a) have been met, as well as at least one of the requirements of Rule 23(b). *Doninger v. Pacific Northwest Bell, Inc.*, 564 F. 2d 1304, 1308 (9th Cir. 1977). Failure by the plaintiffs to meet any one of the Rule 23 requirements precludes class certification. *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 673 (9th Cir. 1975). The Court deems it unnecessary to address all four Rule 23(a) class certification prerequisites, or the Rule 23(b) requirements, because plaintiffs' claims fail to satisfy the numerosity and typicality requirements.

I. Numerosity.

The numerosity requirement may be fulfilled if "the class is so large that joinder of all members is impracticable." F.R.Civ.Proc. 23(a)(1). While there is no "magic number," classes of up to fifteen members, and even up to forty-five members, have been found too small to merit certification. *See, Harik v. California Teachers Association*, 326 F. 3d 1042, 1051 (9th Cir. 2003); *Peterson v. Albert M. Bender Co.,* 75 F.R>D. 661, 667 (N.D. Cal. 1977).

Plaintiffs contend that there are fifty-five employees or former employees (in addition to the two named plaintiffs) who would comprise the class, and that this number meets the numerosity requirement. Declaration of Edwin Budge, Exhibit A. However, this contention presumes that all fifty-five employees

ORDER ON MOTION FOR CLASS
CERTIFICATION - 2

have claims for unpaid overtime. Plaintiffs have produced no evidence that this is the case, apart from the consent of one person to "opt in" to the case, and it would be sheer speculation at this point to simply assume that any of the other fifty-four employees have a claim for unpaid overtime. Such speculation cannot survive the "rigorous analysis" that the Court must apply to determine class certification. Accordingly, the Court finds that plaintiffs have not met the numerosity requirement.

II. Typicality

Rule 23(a)92) requires that the claims or defenses of the representatives be typical of the claims or defenses of the class. Plaintiffs argue that their claims are typical of the claims of the class members because they and the proposed class members suffered similar damages---unpaid overtime wages. Defendants, in response, argue that plaintiffs have not demonstrated that any other employee, apart from the one "opt-in" plaintiff, has a claim for unpaid overtime. And even if plaintiffs could adequately demonstrate that there are potential plaintiffs with unpaid overtime wages, plaintiffs' claims are atypical because the "putative class representative[s] [are] subject to unique defenses which threaten to become the focus of the litigation." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Defendants have asserted counterclaims that plaintiff Long stole money from defendant; that both plaintiffs improperly took tips in violation of company policy; that plaintiffs overstated their hours on their timesheets; and that plaintiffs failed to reimburse the company for health insurance premiums. Answer and Counterclaims, Dkt. # 10. Defendants assert that these counterclaims and the plaintiffs' defense against them are likely dominate at trial.

The purpose of the typicality requirement is to assure that the interests of the named representatives align with the interests of the class. *Hanon*, 976 F.2d at 508. A plaintiff's claims are typical "if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. However, "class certification should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" *Hanon*, 976 F.2d at 508 (citing *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990)). Here, defendants have shown that plaintiffs

ORDER ON MOTION FOR CLASS
CERTIFICATION - 3

will be substantially preoccupied with their defense of the counterclaims, which are unique to them. Responding to defendants' counterclaims will divert plaintiffs from focusing on the claims of the class and will prevent them from serving as effective class representatives. Thus, they do not meet the typicality requirement of Rule 23(a)(3).

## CONCLUSION

The failure to meet any one of the four requirements of Rule 23(a) precludes class certification for the state law wage claims. *See Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d at 673. The Court has found that plaintiffs have failed to meet either the numerosity or the typicality requirement. Plaintiffs' motion for class certification of the state wage act claims (Dkt. # 16) is accordingly DENIED.

Dated this 1st day of August, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR CLASS CERTIFICATION - 4