UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASHLEY KNUDSVIG and ALEXIS LONG, individuals, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ESPRESSO STOP, INC., a corporation doing business in the state of Washington, and JOHN W. GRIEG, an individual,<br><br>Defendants. | CASE NO. C06-1559RSM<br><br>ORDER ON MOTION TO COMPEL |

This matter is before the Court for consideration of plaintiffs' motion to compel, Dkt. # 37. Plaintiffs assert that defendants' responses to interrogatories and requests for production were more than two weeks overdue as of the date the motion was filed. Declaration of Edwin Budge. Defendants have opposed the motion, stating that all non-privileged responses and responsive documents have been provided.[1] Defendants thus contend that the motion should be denied as moot. Plaintiffs, in reply, assert that (1) defendants have failed to produce any documents or responses relating to the putative class plaintiffs, and (2) as to the named plaintiffs, defendants have failed to provide "basic and discoverable materials" such as personnel files, time sheets, tax withholding reports, and other documents. Subsequent to the filing of plaintiffs' motion to compel, the Court has denied plaintiffs' motion for class certification. The documents relating to putative class plaintiffs are therefore irrelevant. However, as to

---

[1] Defendants neglect to state that these were provided on the very date that their response was filed, as demonstrated by the July 9, 2007 date on the responses to the interrogatories. Declaration of Gregory Schwartz.

ORDER ON MOTION TO COMPEL - 1

any requested documents relating to the three named plaintiffs in this action, the documents and responses are relevant and must be provided.

Plaintiffs' motion to compel is accordingly GRANTED IN PART and DENIED IN PART. To the extent such documents and responses have not been provided, defendants shall produce, within ten calendar days of the date of this Order, personnel files for the three named plaintiffs, together with time sheets, reports filed with the Department of Labor and Industries, tax withholding reports and 1099 forms, correspondence regarding overtime, and other documents requested by plaintiffs.

Pursuant to Fed.R.Civ.P. 37 (a)(4)(A), when a motion to compel is granted, or if the requested discovery is provided after the motion was filed, the Court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion, or the attorney advising such conduct, or both, to pay to the moving party the reasonable expenses incurred in bringing the motion, **unless** the Court finds that motion was brought without the movant first making a good faith effort to obtain the discovery without Court action, or other circumstances make an award of expenses unjust. The Court finds on the basis of the declarations already submitted that plaintiffs did make a good faith effort to obtain the discovery without Court action. Plaintiffs contacted defendants on several occasions after the responses were overdue, requesting information as to when the responses would be provided. Declaration of Edwin Budge, Exhibits B, C, D, E. Defendants' response, that counsel Gregory Schwartz was in trial the week of June 11, is no excuse for the failure to timely provide responses by the due date of June 4. Nor is it any excuse for failing to respond subsequently, as defendants are represented by more than one attorney, and Mr. Schwartz is not even designated on the docket as the lead attorney.

Defendants are accordingly ORDERED TO SHOW CAUSE, within two weeks of the date of this Order, why they should not be required to pay plaintiffs' attorneys' fees in the amount of $900 as requested.

Dated this 27 day of August, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION TO COMPEL - 2